## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**ADELINO CASTRO ORTIZ,**

Plaintiff,

v.                                                                                    **CIVIL NO. 00-1083(DRD)**

**DEPARTMENT OF EDUCATION, et al.,**

Defendants.

### ORDER

      On January 9, 2002, the Court entered its *Order and Judgment* in the instant case. (Docket No. 56). Through it, the Court accepted the settlement agreement into which the parties entered and filed before the Court on that same date. (Docket No. 55). From the settlement agreement, it arises that the parties expressly concurred that the Court would "retain jurisdiction over all matters relating to this Settlement Agreement until full compliance of reinstatement thereof." (Docket No. 55, ¶ 9). The agreement was silent as to any covenant relating in particular to a subsequent dismissal as to a pending criminal case, although it expressly convened that a mutual release was being effectuated "from any and all claims arising out of the incident subject of the complaint, however filed or presented, except back pay claim and marginal benefits." Id. at ¶2(d). Now, pending before the Court is plaintiff's *Motion Requesting to Dismiss the Judicial Decision (Sentence of Simple Aggression, Article 94 of the Penal Court of Puerto Rico*. (Docket No. 63). Through said motion, plaintiff moves the Court to issue an order wherein the criminal sentence issued in Puerto Rico state court criminal case no. HSCR 2004-01366 pursuant to Article 94 of the Penal Code of Puerto Rico be dismissed. Plaintiff also requests the Court to issue an order to the Secretary of the *Oficina de Desarrollo Integral* of the Department of Education of Puerto Rico to effectively submit the letter regarding his reasonable accommodation. Plaintiff further solicits that the Court order the Department of Education of Puerto Rico to, as expressed in the settlement agreement, notify him twenty-four hours in advance of the periodic evaluations as provided by the Rules of the Department of Education. Finally, plaintiff demands that the Court order his reinstatement (he was subsequently terminated on May 28, 2004).

      It is clear to the Court that it does not have subject matter jurisdiction to tend to plaintiff's requests. First and foremost, all claims alleged by plaintiff do not stem form the facts underlying the dismissed claim or the settlement agreement. In fact, they stem from facts that occurred **two (2) years after** the parties entered into the settlement agreement. Moreover, these same facts that give rise to the state criminal proceedings and his ultimate termination from employment constitute separate and independent claims from those already decided in the federal case. Thus, the Court absolutely lacks jurisdiction to enforce anything related to them. As such, the Court's hands are tied and must **DENY** plaintiffs' requests for the facts to be determined with regard to the ultimate

termination and the criminal proceedings are quite separate from the facts that were to be determined in the principal suit. Plaintiff must also recur to Puerto Rico state courts in order to request the setting aside of said sentence.

Accordingly, plaintiff's request at docket number 63 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February of 2006.

s/Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
